UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

UNITED STATES OF AMERICA,

Plaintiff,

v.

ANTHONY A. NACLERIO,

Defendant.

Case No. 1:26-cr-00210-DCN-1

**MEMORANDUM DECISION AND ORDER**

## I. INTRODUCTION

Before the Court is Defendant Anthony Naclerio's Motion to Revoke Detention Order. Dkt. 30. The Government opposes Naclerio's Motion (Dkt. 32), and Naclerio filed his reply to that opposition (Dkt. 38). The Court has reviewed the record in this case, including but not limited to the Parties' briefs, the transcript of the Detention Hearing before Magistrate Judge Debora K. Grasham (Dkt. 32-3), and the pretrial services report (Dkt. 26-1). For the reasons discussed below, the Court denies Naclerio's Motion and affirms the Order of Detention. (Dkt. 23).

## II. BACKGROUND

On August 11, 2026, a grand jury returned an Indictment charging Naclerio with three counts of Distribution of Fentanyl in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); two counts of Distribution of Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); one count of Possession with Intent to Distribute Fentanyl in violation of §§ 841(a)(1), (b)(1)(B), and 851; and one count of Unlawful Possession of a Firearm in

violation of 18 U.S.C. § 922 (g)(1). Dkt. 2. The Government filed a Motion for Detention on August 21, 2026 (Dkt. 5), and a detention hearing was scheduled in front of Judge Grasham on August 28, 2026. After hearing the Parties' proffers and oral argument, Judge Grasham addressed all the 18 U.S.C. § 3142(g) factors and ordered Naclerio detained pending trial, finding there are no conditions that could be imposed that would reasonably assure the safety of any other person or the community. On September 09, 2026, a grand jury returned a Superseding Indictment charging Naclerio with seven counts, as outlined above, excluding the previously alleged 21 U.S.C. § 851 charge. Dkt. 27. Naclerio now seeks to revoke the detention order. Dkt. 30.

## III. LEGAL STANDARD

Naclerio's motion is brought pursuant to 18 U.S.C. § 3145(b), which provides that "if a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of that order." *See also* Fed. R. Crim. P. 59(a). The district court must promptly determine the motion. 18 U.S.C. § 3145(b). A district court reviews the magistrate judge's order de novo. *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990). "[T]he district court is not required to start over in every case" and is not required to "proceed as if the magistrate's decision and findings did not exist." *Id.* Rather, the district court "should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." *Id.* In its discretion, the Court may conduct evidentiary hearings if "necessary or desirable" whether or not new evidence is offered. *Id.*

## IV. ANALYSIS

The Bail Reform Act, 18 U.S.C. § 3142, governs pretrial confinement and release. The Act mandates a court release a defendant pending trial unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ." 18 U.S.C. § 3142(e)(1). Generally, the statutory presumption is first in favor of release on personal recognizance or on "an unsecured appearance bond in an amount specified by the court." 18 U.S.C. § 3142(b). S*ee also United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

Some offenses, however, give rise to a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(3). Naclerio is charged with three such offenses: two counts of distributing methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)—each count carrying a mandatory minimum of ten years; and possession with intent to distribute fentanyl in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)—also carrying a mandatory minimum of ten years. *See* 18 U.S.C. § 3142(e)(3)(A) (enumerating offenses under the Controlled Substance Act, 21 U.S.C. § 801 *et seq.*, for which a maximum term of imprisonment of ten years or more is prescribed).

If Naclerio proffers evidence to rebut the presumption, the burden shifts to the Government to prove by "clear and convincing evidence" that detention is warranted. 18 U.S.C. § 3142(f)(2)(B); *Hir*, 517 F.3d at 1086. The presentation of evidence is not limited to sworn testimony and formal exhibits, but the parties can "present information by proffer or otherwise." *See* 18 U.S.C. § 3142(f)(2) ("The rules concerning admissibility of evidence

in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing.”).

**A. Rebuttable Presumption**

The Ninth Circuit has not yet established a standard by which to measure whether a defendant has rebutted the presumption of detention. Most circuits that have considered the issue, however, agree a defendant need only produce “some evidence” that he is not a non-appearance risk or a danger to the community. *See United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010); *United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991); *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991); *United States v. O’Brien*, 895 F.2d 810, 815 (1st Cir. 1990); *United States v. Diaz*, 777 F.2d 1236, 1238 (7th Cir. 1985); *United States v. Hurtado*, 779 F.2d 1467, 1470 n.4 (11th Cir. 1985); *see also United States v. Moore*, 607 F. Supp. 489, 499 (N.D. Cal. 1985). “Although the presumption shifts a burden of production to the defendant, the burden of persuasion remains with the government.” *Hir*, 517 F.3d at 1086. A defendant need only produce some evidence to rebut the presumption of detention, and this burden is not “heavy.” *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986).

At the detention hearing, Judge Grasham relied on the briefing and defense counsel’s proffer. As part of that proffer, Naclerio stated he has lived in the area for most of his life, has strong family ties to the community, owns his home and has no mortgage, and has lived in that home for thirteen years. He also stated that he remains good friends with his former wife and never missed child support payments. He took care of his aging mother before her death and also took care of his former wife when she encountered health

issues. He has significant health issues of his own. He represented his adult daughter is willing to act as his third-party custodian should he be released. Finally, Naclerio is willing to undergo mental health and substance abuse treatment. Dkt. 32-3, at 4–9.

Following that proffer, Judge Grasham determined Naclerio had met his burden, rebutted the presumption that applies to his case, and the burden shifted to the Government. This Court finds, just as Judge Grasham did, that Naclerio produced enough testimony to rebut the initial presumption of detention.

**B. Conditions That Will Reasonably Assure Appearance and Community Safety**

As Naclerio has rebutted the presumption in favor of detention, the burden of proof now shifts to the Government to show there are no conditions that will reasonably assure Naclerio's appearance and the safety of the community. In making these determinations, courts are to consider four factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *See* 18 U.S.C.S. § 3142(g)(1)–(4).

The Government's burden of proof for demonstrating risk of non-appearance differs from the burden of proof for demonstrating a safety risk. As to the first, the Government must show by a preponderance of the evidence that the defendant poses a risk for non-appearance. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985); *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1198 (9th Cir. 2019). For danger to the community, the Government must prove by clear and convincing evidence that the defendant poses such a danger. *Rodriguez v. Robbins*, 804 F.3d 1060, 1077 (9th Cir. 2015); *United States v. Gebro*,

948 F.2d 1118, 1121 (9th Cir. 1991). Because the issues are intertwined, however, the Court will discuss the facts and the Parties' respective arguments in tandem.

Judge Grasham first determined the Government failed to meet its burden in showing there are no conditions which will reasonably assure Naclerio's appearance in court. The Government asks the Court to revisit that determination here. Judge Grasham also determined the Government sufficiently met its burden in showing there are no conditions that will reasonably assure Naclerio will not be a danger to any other person or the community if released. Naclerio asks the Court to revisit that determination. He claims the following combination of conditions will prevent him from endangering others: supervision by Pretrial Services; release to his home under the supervision of a third-party custodian; drug testing; travel restrictions or home detention; curfew and location monitoring; substance abuse and mental health treatment; and prohibitions against firearms and controlled substances. Dkt. 30, at 5; Dkt. 38, at 3. The Court will now discuss the § 3142(g) factors and explain how they apply to Naclerio's risk of non-appearance and risk of danger independently.[1]

*1. Nature and Circumstances of the Charged Offenses*

The nature and circumstances of the charged offenses weigh in favor of detention. Although this factor does not demonstrate an unlikeliness to appear at court, it does show the serious risk of danger Naclerio poses to others if released.

[1] The Court notes, however, that "the [Act] neither requires nor permits a pretrial determination that the person is guilty." *Motamedi*, 767 F.2d at 1408. The Court analyzes this factor only to determine Naclerio's likelihood of non-appearance or danger to others while released, and "[n]othing in this [order] shall be construed as modifying or limiting the presumption of innocence." 18 U.S.C. § 3142(j).

The nature of each charged offense is serious. Each involves illegal drugs or an illegal firearm. Each carries a significant prison sentence upon conviction, and there are six charges in this case. The circumstances surrounding the charged offenses are likewise concerning. The charges in this case stem from five separate controlled drug transactions where Naclerio sold drugs to an undercover officer. Later, during a search of Naclerio's residence, law enforcement located illegal drugs, drug paraphernalia, and firearms. An individual present at the time of the search told law enforcement that Naclerio had recently pointed one of the firearms at her, explicitly threatening to kill her. Further, Naclerio is sixty-seven years old. This means if he is convicted, he will likely spend a substantial portion of, or even the remainder of, his life in prison.

This factor weighs in favor of finding that there is a combination of conditions that will reasonably ensure Naclerio's appearance in court. "The requirement that the conditions of release reasonably assure a defendant's appearance cannot be read to require guarantees against flight." *United States v. Gentry*, 455 F. Supp. 2d 1018, 1032 (D. Ariz. 2006) (citation modified). The Court does not minimize Naclerio's incentive to not appear in court due to the lengthy prison sentence potentially awaiting him. However, there are conditions which can be set in place, like location monitoring and a third-party custodian, that reasonably offset such an incentive. This remains true even if such conditions will not guarantee his appearance. Hence, this factor weighs in favor of finding Naclerio is reasonably likely to appear in court as ordered if released.

The Court concludes differently concerning Naclerio's dangerousness to others. Illegal drugs and firearms pose extreme danger to those in their proximities. This is

especially true when considering the amount of illegal drugs Naclerio sold and the drugs and firearms located in his home. One proposed third-party custodian works full-time, meaning Naclerio will spend most waking hours alone, which concerns the Court. The other proposed third-party custodian is willing to live at his residence and ensure supervision around the clock. However, even if someone were always with Naclerio, that person would face a significant risk of harm given the nature and circumstances of the offenses. This is especially true considering Naclerio allegedly pointed a firearm at a person in his home and explicitly threatened her life.

Further, although receiving substance abuse treatment gives Naclerio an excellent opportunity to pursue sobriety, it does not give the Court reasonable certainty that he will abstain from bringing drugs and illegal firearms in or around his home. Doing so will surely endanger any third-party custodian, Pretrial Services worker, and anybody else in the home. Thus, there is no combination of conditions which would give the Court reasonable assurance that Naclerio will not greatly endanger any other person or the community. As such, this factor weighs in favor of detention.

*2. Weight of the Evidence*

The weight of the evidence favors detention. The Court notes, however, that this is the "least important" factor in its analysis.[2] *Motamedi,* 767 F.2d at 1408.

[2] The Government argues the weight of the evidence is not necessarily the least important factor, but rather its relative importance is case-specific. However, the Ninth Circuit has been unequivocal in holding that it is always the least important factor. *See United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990); *Hir*, 517 F.3d at 1090. This Court is bound by that precedent. *See Dixon v. United States*, 548 U.S. 1, 4 (2006) (noting trial courts are bound by circuit precedent); *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003).

Here, the weight of the evidence is sufficient to put Naclerio on notice that he could be subject to a trial in which he could reasonably believe a jury might convict him. For example, a Grand Jury found probable cause to indict him on the facts as presented. In all five alleged instances where Naclerio sold the illegal drugs, the buyers were undercover officers. The controlled substances were tested and confirmed to be methamphetamine and fentanyl. Law enforcement recovered the firearms from inside Naclerio's house pursuant to a lawfully-obtained search warrant. The weight of the evidence gives Naclerio incentive not to appear in court. It also reflects conduct that endangers those in close proximity to him. As such, this factor weighs in favor of detention.

*3. History and Characteristics*

Naclerio's history and characteristics weigh in favor of detention. Although this factor does not indicate an unlikeliness to appear in court, it tends to show he poses a great risk of seriously endangering others upon release.

There is sufficient evidence indicating Naclerio is likely to appear in court given the right combination of conditions. He is sixty-seven years old and has lived in Idaho for over fifty years. He has never failed to appear in Court, despite his extensive criminal history dating back more than thirty years. He maintains strong ties to the Treasure Valley area. He has two brothers living nearby. He maintains good relationships with his former wife and daughter who also live nearby. There are multiple people willing to serve as third-party custodians upon release. He owns his home and does not have a mortgage. He has lived in that home for approximately fourteen years. He does not have a passport. He receives

income from social security. His medical concerns provide a compelling reason for him to remain in the area and receive treatment.

The Government argues that a post-detention jail call, during which Naclerio discusses his detention and states that he will be going to jail for a long time, demonstrates an unlikeliness to appear in court. Conversely, the call supports the conclusion that Naclerio is likely to appear because he attempts to persuade someone to remain at his house during his release so that he can get his affairs in order before probable conviction and subsequent imprisonment. As such, this factor weighs in favor of Naclerio's likeliness to appear.

However, as it relates to safety, Naclerio's history and characteristics still concern the Court. He has an extensive history of substance abuse. Despite his thirty-year-long criminal history, he continues to use harmful, illegal drugs. And he has, in the past, failed to follow the terms and conditions of probation by committing new crimes. *See* Dkt. 26-1.

Crucially, while in his own home, Naclerio pointed a firearm at a woman and threatened to kill her. Naclerio asserts, and the Government concedes, that the woman likely did not fear for her life. Naclerio further claims a no-contact order against this woman, prohibition against firearms, visitor restrictions, and supervision are sufficient conditions to assure the safety of others. Whether or not the woman genuinely feared for her life, the inherent danger of such conduct remains unchanged. Although all firearms have been removed from Naclerio's home, this incident demonstrates both his willingness to place others in danger and his ability to obtain firearms despite being legally prohibited from possessing them. Further, if Naclerio continues using illegal drugs in and around his home, arranging for a supplier to deliver them, he would place any other occupant or visitor

of the home in significant danger. The Court is concerned that any individual willing to serve as a third-party custodian—whether part-time or around the clock—would be exposed to risk of harm. Hence, this factor weighs heavily in favor of detention.

*4. Nature and Seriousness of the Danger to Others*

The nature and seriousness of danger to others is substantial, and this factor weighs in favor of detention. Although this factor does not indicate an unlikeliness to appear in court, it clearly demonstrates the serious danger Naclerio poses if released before trial.

For the same reasons discussed previously, Naclerio poses serious danger to others. Illegal drugs are inherently dangerous to those in their proximity, whether it be loose paraphernalia, erotic behavior as a result of drug use, or sharing the drugs with others. Further, pointing a firearm at another person always puts that person's life in serious danger and is not conduct which can be dismissed as inconsequential. As such, this factor weighs in favor of detention, but only to the extent that Naclerio poses a danger to others or the community—it does not demonstrate an unlikeliness to appear.

In sum, the Government has failed to demonstrate by a preponderance of the evidence that Naclerio is not reasonably likely appear in Court. Three of the four factors indicate a likeliness to appear in court. The only factor weighing against Naclerio is the weight of the evidence—which is the least important of the factors.

The Government has, however, met its burden in demonstrating by clear and convincing evidence that there are no conditions which will reasonably assure the safety of any other or the community if Naclerio is released. Each factor demonstrates Naclerio's likeliness to endanger others. The Court is confident that no combination of conditions will

sufficiently minimize that danger. Thus, detention is warranted, and the Court will not revoke Judge Grasham's Order of Detention.

## V. CONCLUSION

Having conducted a de novo review of the record in this matter and having considered the Parties' arguments at the detention hearing and the Parties' briefs on appeal, the Court concludes the Government has met its burden and proved by clear and convincing evidence that Naclerio poses a danger to the community and that no conditions could be imposed that would reasonably assure sufficient safety at this time. The Court will not hold a hearing on the matter. *See Koenig*, 912 F.2d at 1193 (holding it is in the district court's discretion whether to conduct a hearing in such proceedings). Accordingly, Naclerio's Motion to Revoke Detention Order (Dkt. 30) is DENIED and the Order of Detention (Dkt. 23) shall remain in effect.

## VI. ORDER

IT IS ORDERED that:

1. Defendant Naclerio's Motion to Revoke Detention Order (Dkt. 30) is **DENIED**.
2. Magistrate Judge Debora K. Grasham's Order of Detention (Dkt. 23) is **AFFIRMED**.

DATED: October 16, 2026

David C. Nye
U.S. District Court Judge